STATE OF NEBRASKA, EX REL. THOMAS B. PARKER, V.
   BOARD   OF   COUNTY   COMMISSIONERS   OF   SALINE
   COUNTY.

FILED JUNE 7, 1900.   No. 11,287.

1. Vacancies in Office: STATUTE. The provisions for filling vacan-
   cies, in a law creating an office, control those of general laws
   as to vacancies.

2. ———: COUNTY ATTORNEY: APPOINTMENT. A vacancy in the office
   of county attorney should be filled by appointment, and the
   appointment holds until his successor is elected and qualified.

3. ———: ELECTION. Election for county attorney can be held only
   in even numbered years. *State v. Rankin*, 33 Nebr., 266, followed.

ERROR to the district court for Saline county. Tried
below before STUBBS, J. *Affirmed*.

*T. B. Parker*, for himself; *E. S. Abbott*, counsel.

*J. I. Foss, B. V. Kohout* and *J. A. Wild*, contra.

NORVAL, C. J.

This was an application for a writ of mandamus to
compel the respondent, the board of county commission-
ers of Saline county, to approve the bond of relator as
county attorney of said county. It appears that at the
general election held in said county in November, 1898,
one A. W. Martin was duly elected county attorney for
the term of two years beginning in January following;
that he qualified and entered upon the discharge of the
duties of his office; that in August, 1899, said Martin
died and Hon. W. H. Morris was appointed by the county
board to fill the vacancy; that, in December, 1899, said
Morris resigned his office and removed from the state;
that at the general election in November, 1899, the name
of the relator, Thomas B. Parker, was written upon the
official ballots, and votes were cast for him for the office
of county attorney, and he received a majority of all the
votes cast at said election for that position and to him

was awarded a certificate of election. The sole question presented by this record is whether a vacancy occurring in the office of county attorney must be filled by election or by appointment by the county board. We passed upon the same proposition in *State v. Rankin*, 33 Nebr., 266, adversely to the contention of the present relator. But that decision is directly attacked, and the doctrine there enunciated is assailed as unsound. We have carefully examined the grounds of that decision, in the light of the criticism made thereon, in the brief of relator, and we are all of the opinion that *State v. Rankin* was correctly decided, and that it controls the decision herein. The judgment is accordingly

AFFIRMED.